IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARCUS WALTON                                                                     PLAINTIFF

v.                                     Civil No. 6:20-cv-06033

DILLION R. VOSS, SERGEANT,
OUACHITA RIVER UNIT, ET AL.                                  DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Marcus Walton filed this 42 U.S.C. § 1983 action *pro se* on March 11, 2020. (ECF No. 1, 2). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Before the Court are several motions: Plaintiff's Motion for Preliminary Injunction (ECF No. 10); Plaintiff's Request for Preliminary Injunction (ECF No. 20); and Plaintiff's Motion for Restraining Order (ECF No. 35). The Court has reviewed the motions and the various responses, replies, and supplements thereto.

**I. BACKGROUND**

      Plaintiff is currently being held in the Varner Unit of the Arkansas Department of Correction (ADC). Plaintiff's Second Amended Complaint alleges two claims: that his constitutional rights were violated when he was subjected to excessive force on January 27, 2020; and that his constitutional rights were violated on February 6, 2020, when he was denied medical care for the injuries he sustained during the alleged excessive force incident. (ECF No. 13). In Plaintiff's second claim, he also seems to assert a procedural due process claim against Defendant Robert Franklin, stating "Franklin put in false reports of me being disruptive in a report hearing I was never at." (ECF No. 13). Plaintiff seeks money damages for his claims. (ECF No. 13).

Plaintiff's first motion seeks a preliminary injunction. Plaintiff states that he would like to see "a hearing specialist and back doctor with skills to treat hearing lost (sic) and take [preventative] hearing lost (sic) measures. Also the same with my back." (ECF No. 10).

In Plaintiff's second motion for a preliminary injunction, he seems to complain of alleged procedural due process violations, specifically complaining that Defendant Franklin falsely stated in a report that Plaintiff waived his disciplinary hearing on February 6, 2020; that he was given insufficient notice of that hearing; and that Defendant Franklin's report resulted in him being reassigned to the Varner Super Max Unit, even though Plaintiff was originally being confined for up to six months only on a parole violation. Plaintiff asks that Court to order expungement of his disciplinary conviction and early release. (ECF No. 20).

In Plaintiff's third motion, he asks the Court for a "no contact order and or restraining order" with respect to Defendant Franklin. Plaintiff states that Defendant Franklin has "already made false allegations against me that's been proven and I don't want it to happen again." (ECF No. 35).

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Systems, Inc. v. C. L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining*

*and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).

While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). In addition, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

### III. DISCUSSION

#### A. Plaintiff's Motion for Preliminary Injunction (ECF No. 10)

As set forth above, Plaintiff's first motion seeks a preliminary injunction directing that Plaintiff see "a hearing specialist and back doctor with skills to treat hearing lost (sic) and take [preventative] hearing lost (sic) measures. Also the same with my back." (ECF No. 10). The medical care Plaintiff seeks is allegedly due to excessive force Plaintiff suffered while being housed at the Ouachita River Unit. Plaintiff is currently assigned to Varner Super Max.

According to the evidence, since the January 27, 2020 incident, Plaintiff saw an LPN for his dental complaints, was prescribed Naproxen, and is scheduled to see a dentist. (ECF No. 16 at 7-8). Further, Plaintiff has been treated for various complaints: Plaintiff has received anti-inflammatory medication and pain medication for complaints of tooth pain; Plaintiff received

antibiotics for his complaint of blood in his urine; and Plaintiff was examined for his ear complaints, and no swelling, redness, drainage, or debris was found. (ECF No. 21).

The Court first looks to Plaintiff's likelihood of success on the merits of his claim. Mere disagreements with medical treatment fail to state a claim of deliberate indifference. *See Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1118-19 (8th Cir. 2007)(an inmate has no constitutional right to a particular course of treatment, and his mere disagreement with the medical treatment he receives is not a basis for section 1983 liability); *Pietrafeso v. Lawrence County, S.D.*, 452 F.3d 978, 983 (8th Cir. 2006)(showing deliberate indifference is greater than even gross negligence and require more than mere disagreement with treatment decisions). In addition, "the question whether . . . additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment," and "does not represent cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Accordingly, at least at this point, the Court finds it unlikely that Plaintiff's denial of medical care claim will be successful on the merits.

Next, the Court notes that Plaintiff has failed to demonstrate he will suffer irreparable harm at this juncture, as he appears to be receiving medical care from the ADC unit where he is currently serving his sentence.

Finally, the Court must weigh the public interest and balance the harm and injury to the Defendants if the injunction is granted. Granting the injunction would amount to this Court interfering with the exercise of the judgment of the Defendants and the operation and administration of a state prison. As noted above, the Court should grant injunctive relief only "with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff*, 60 F.3d at 520. Further, in assessing whether the issuance of an injunction would be in the public interest, it must be remembered that

the "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). Granting the injunctive relief sought by Plaintiff at this point would amount to direct interference by the Court with the operation and administration of the ADC which is harmful to the Defendant and does not serve any public interest.

### B. Plaintiff's Request for Preliminary Injunction (ECF No. 20)

In Plaintiff's second motion, he seeks a preliminary injunction with respect to his complaints of alleged procedural due process violations, specifically complaining that Defendant Franklin falsely stated in a report that Plaintiff waived his disciplinary hearing on February 6, 2020; that he was given insufficient notice of that hearing; and that Defendant Franklin's report resulted in him being reassigned to the Varner Super Max Unit, even though Plaintiff was originally being confined to a more minimal security facility for only up to six months on a parole violation. Plaintiff asks that Court to order expungement of his disciplinary conviction and early release. (ECF No. 20).

First, the Court notes that "the burden on the movant is heavy, in particular where, as here, 'granting the preliminary injunction will give [the movant] substantially the relief it would obtain after a trial on the merits.'" *United Industries Corp. v. Clorox Corp.*, 140 F.3d 1175, 1179 (8th Cir. 1998)(internal citations omitted). Further, Plaintiff cannot show a likelihood of success on the merits or a threat of irreparable harm because Plaintiff's procedural due process claim is likely barred by *Heck v. Humphrey*. Plaintiff is complaining about the extension of his sentence as a result of a disciplinary action, and, "[i]n *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), this Court held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997). *See also Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (sole remedy in federal court for prisoner seeking restoration of good-time credits is writ of habeas corpus); *Stone v. Norris*, 230 F.3d 1364 (8th Cir. 2000). It is undisputed that Plaintiff's disciplinary conviction has not been overturned or reversed.

As set forth in *Goff v. Harper,* "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." 60 F.3d 518, 520 (8th Cir. 1995) (internal quotations omitted). Accordingly, under the factors established in *Dataphase*, injunctive relief is not warranted.

### C. Plaintiff's Motion for Restraining Order (ECF No. 35)

In Plaintiff's third motion, he asks the Court for a "no contact order and or restraining order" with respect to Defendant Franklin. Plaintiff states that Defendant Franklin has "already made false allegations against me that's been proven and I don't want it to happen again." (ECF No. 35). Again, the *Dataphase* factors do not support such relief.

As set forth above, at this juncture, the Court does not find that Plaintiff is likely to succeed on the merits of either his denial of medical care or procedural due process claims, as stated against Defendant Franklin. Further, Plaintiff has not demonstrated he will suffer any irreparable harm if his injunctive relief is denied. Without a finding of irreparable injury, a preliminary injunction should not be issued. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.,* 871 F.2d 734, 738 (8th Cir. 1989) (*en banc*).

Finally, as stated above, the Court must balance the harm and injury to Defendant if an injunction is granted and assess whether the issuance of an injunction would be in the public

interest. The injunctive relief requested by Plaintiff would amount to direct judicial interference with the operation and administration of the ADC. *See Goff*, 60 F.3d at 520.

## IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Motion for Preliminary Injunction (ECF No. 10); Plaintiff's Request for Preliminary Injunction (ECF No. 20); and Plaintiff's Motion for Restraining Order (ECF No. 35) each be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 8th day of July 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE