IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARCUS WALTON                                                                                                            PLAINTIFF

v.                                         Civil No. 6:20-cv-06033

DILLION R. VOSS, SERGEANT,
OUACHITA RIVER UNIT, ET AL.                                       DEFENDANTS

## ORDER

Plaintiff Marcus Walton filed this 42 U.S.C. § 1983 action *pro se* on March 11, 2020. (ECF No. 1, 2). Currently pending before the Court are two motions: Plaintiff's Motion to Suppress his medical records from evidence (ECF No. 30); and, Plaintiff's Motion for the Appointment of Counsel (ECF No. 40).

In Plaintiff's Motion to Suppress his medical records from evidence, Plaintiff argues that Defendants' inclusion of a redacted version of Plaintiff's medical records from the ADC from January 2020 through the date of Defendants' response to Plaintiff's first motion for preliminary injunction violated the Health Insurance Portability and Accountability Act "HIPPA" and violated Plaintiff's right to privacy. (ECF No. 30). The Court finds that the Motion (ECF No. 30) should be **DENIED**. The Health Insurance Portability and Accountability Act "HIPPA" provides no private right of action. *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010). Further, Plaintiff has "'waived any right to privacy in his medical records by instituting a suit against the state in which his health and medical records were at issue.'" *Daulton v. Dooley,* 20006 WL 1875900 (D.S.D. July 3, 2006) (*quoting Crawford v. Manion,* 1997 WL 148066 (S.D.N.Y.1997) (unpublished); *see Tokar v. Armontrout,* 97 F.3d 1078, 1084–85 (8th Cir.1996) (discussing but failing to decide whether an inmate has a constitutional right of privacy in his medical records).

Plaintiff next seeks appointment of counsel. (ECF No. 40). In the Motion, Plaintiff states that the issues involved in this case are complex, that he has limited access to the law library, and that he has a limited knowledge of the law. The Court finds that the Motion (ECF No. 40) should be **DENIED**. A civil litigant does not have a constitutional or statutory right to appointed counsel in a civil action; but, the Court may appoint counsel at its discretion. 28 U.S.C. § 1915(e)(1). In this case, the Court has again considered the need for an attorney, the likelihood that the Plaintiff will benefit from assistance of counsel, the factual and legal complexity of the case, and whether Plaintiff has the ability to investigate and present this case. In considering these factors, the Court finds that the claims currently before the Court do not appear legally or factually complex, and Plaintiff is adequately prosecuting this case at this time. At a later stage in this case, Plaintiff may again request appointment of counsel if Plaintiff believes the circumstances justify such an appointment.

IT IS SO ORDERED this 8th day of July 2020.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE