page 1

United States District Courts
Western District of Arkansas
Marcus Walton - Plaintiff
V.  Case # 6:20-cv-06033-SOH-BAB
Dillion R. Voss - Defendant Et. al.

The plaintiff moves pursuant to Rule 34(b) and 37(a), Fed. R. Civ. P. for an order compelling the defendants to produce for inspection and copying the documents requested on July the 15th 2020 also - August the 17th, 2020 but was part of the Court decree on July 13, 2020 to be delivered in the initial Scheduling order.

Declaration in Support of Motion to Compel

Marcus Walton declares under penalty of perjury:

1. I am the plaintif in this case. I make this affidavit in support of my motion to Compel discovery.

2. On May 29, 2020 in the initail Scheduling order the Courts ordered defendants to release all medical reports all witness Statements also incident reports.

3. The Defendants response to the Courts decree was not under order of the decree only sending redicated versions of the medical records the mental health records and none of the witness Statements on the plaintiff's behalf.

4. On July 15, 2020 I wrote the defendant's Counsel pointing out that their response was unacceptable and requested a response but was ignored. no response period. "Exhibit 1"

5. Defendants Counsel did not respond to any of my letters that I sent on two diffrent occassions "Exhibit 2 and 3." no response.

page 2

6. The letter written on 8-17-2020 in an attempt to resolve the dispute informally as required by local Rule. A copy of All letters are inclosed. Still no responce.

7. Defendants objections are waved as a result of their failure to make them in a timely manner, as set forth in the brief accompanying this motion.

8. Defendents' objections on the grounds that the discovery sought is irrelevent, burdensome, and privileged have no merit as set forth in the brief accompanying this motion.

Brief to Support Motion to Compel Discovery    page 3.

## Statement of The Case

This is a 1983 action filed by a prisoner at Varner Super Max seeking damages, a declaratory judgment, and relife based on the use of exssive force, the denial of procedural due process, and denial of medical care.

## Statement of facts

On May 28, 2020 the Courts served an initial scheduling order for production of documents pursuant to Rule 34, Fed. C.P. As set forth in the plaintiff's declaration. The defendants failed to respond within 30days and did not make an effort to obtain an extention from the Court or by contacting the plaintiff. After two months, the plaintiff requested a response, and still haven't recived one. Defendant's Counsel has not responded to the plaintiff's efforts to resolve this dispute. See plaintiff declaration and plaintiff has followed all orders "this time" set forth by the Courts.

## Argument                                                   point 1.

### Defendants have waived Their objection By their Failure to Respond Timely to the Request.

The rules provide that responses and objections to request for production of documents are to be served within 30 days, of the request unless the court grants a shorter or longer time. Rule 34, Fed. R. Civ. P. The defendants, however in almost 2 months have not responed or objected properly. Or have they seeked permission from the courts.

It is well established in federal practice that "discovery objections are waived if a party fails to object timely

page 4

to production request or other discovery efforts;" Godsey v. United States, 133 F.R.D. 111, 113 (S.D. Miss. 1990); accord, Morin v. Nationwide Federal Credit Union, 229 F.R.D. 364, 368 (D. Conn. 2005); Safeco Ins. Co. of America v. Rawstrom, 183 F.R.D. 668, 670-73 (C.D. Cal. 1998) and cases cited. This waiver is enforced even if the objections are based on a claim of priviledge." Which shouldnt be for fact they're my records I've requested through staff and have been denied."

Arguement                                                  Point 2.

The Discovery Sought is Relevant to the Claims and Defeness in this Case.

Defendants belated objections state the documents requested by the plaintiff are irrelevant to the action. Their arguements are frivolous. Rule 26(6)(1). Fed. R. Civ. P., permits discovery of "any non-privileged matter that is relevent to any party's claim or defense. Relevent information need not be admissible at the trial if the discovery appears resanably calculated to lead to the discovery of admissible evidence.

Each iteam sought by the plaintiff is relevent to the claims and defense in the case, as explained below.

A. Witness statements writen on my behalf by Joe Cook also Roy Britten it proves my accont of events and those are my tril witness.

B. All mental healt recards and evaluations they prove my depperssion unstable mental healts and my claim to be factoal

C. The medical of the blunt force trauma to my back that proves I never had a Urinary track infection.

D. The employee and institutional standers the defense states they dont know what im talking about in their response. "objection" But on 7-20-2020 at 4:06pm Document Number 48 suppliment 1B or 2B you can Clearly see two arrows pointing to the policies. They Claim not to have.

E. The screen shots still shots of all defendants struck me as I lay on the ground uncarcheses and incoherent proves I never fought back and nosue tried to restrain me only beat me. So I can submit into edvidance befor the Courts.

Conclusion.

For the forgoing reasons, the Court should grant plaintiffs motion to Compel discovery.

8-3-2020
Marcus Walton
PO Box 600
Grady, AR. 71644

Respectfully Submitted,
Marcus Walton

Exhibit 1

Mr. Michael Mosley,

In the inital scheduling order the judge ordered all witness statements as well as incident reports are to be ricived by July 13, 2020 on July the 20, 2020 I am in possession of the documents you've decided to send. But you did not include the witness statements on my behalf from Joe Cook and Roy Britton persaunt to Fed Rule of Civil P. 7.2(g) also 37(a)(1) I am confering in good faith that you will send them. The inital scheduiling order states 20 days after the documents are due a party can file a motion to compele for none compliance by time you recive this Corraspondance you will have from 15 to 10 days befor I file a motion to compele or contemp of court.

Also I've put in fother request to reiw the video and have been denied thank you Also since you wont provid a copy of emplayee standard or instetution standards the inital scheduiling order stated all policys you've failed to send them I'm fileing a motion to comple and contempt motion for those as well 15 days. How are you not in possesion of your own policy?

Sincerly,
[signature]
7-15-20

Exhibit 1

United States District Courts
Westren District of Arkansas
Marcus Walton - Plaintiff
V. Case# 6:20-CV-06033-SOH-BAB
Dillion R Voss - Defendant et. al.

    Request for production of Documents
    persaunt to Rule 34, Fed. Civ. P.

In the inital scheduling order you was ordered to release all medical records that includes mental Health I was only sent still an redacted copy of them bouth. I've reqested them still I've been denied again. So Im asking for my full mental Healt records not the two pages you sent. I'm asking for all reports made by mental Health Staff on mental stability.

Also I'm asking for the report typed in by the nurse on 2-6-2020 of the blunt force truma that was the cause of blood in my urine. That I watched her type in with my own eyes.

I was suppose to recive this information on 7-13-2020 but you've contenied to disobey Courts orders and send only the things you fell is neccessary. These redacated versions are unaccoptable.

Persaunt to Rule 7.2(g) and 37(a)(1) Im confering In good faith that you'll send them. Or I will file a motion to compele and a contempt of Court Cause the order stated all not redacated version. I'll be fileing in 20 days with a copy of this letter

Request for Discovery
persaunt Rule 34 Fed. Civ. P.

1. I would like a still, screen shot of me on the ground being punched by Lt. Ebony Harris. If you watch video it is clearly shown.

2. I would like a still shot of me on the ground ("Screen shot") being punched by Shacopa Lewis. If you watch the video it is clearly shown.

3. I would like a still shot screen shot of me on the ground being punched by Dillan Jennings If you watch the video it is clearly shown.

4. I would like a still shot screen shot of me being punched by dillion R. Voss the first punch thrown if you watch the video its clearly shown.

I've watched the video and you can clearly see me on the ground not fighting back but being repeatedly punched at individual times by these officers as they to turns beating me. You don't have to beat me to restrain me.

"A still shot screen shot is when you pause the video at the spacific incident I've indicated and print out a photo in color.

To whom it may Concern:                                    Exhibit 3

On 7-15-2020 I marcus walton the plaintiff sent a request of production of documents for witness statements writen on my behalf by Joe Cook and Roy Britten also the medical Record that I seen the nurse type in about the blunt force truma to my back also mental evaluations that was not sent. All those items was apart of the Courts decree and should of been sent on July 13, 2020 you faild to do so.

Also you objected to the still shot screen shots of the video sections I've requested denying alligations. I have incident reports from all officers in their handwriting with their signiture Stating they all struck me several times in the face and head not detaining me persaunt to rule 7.2(a) also 37(a)(1) of Fed. Civil. P. I'm confering in good faith they you will send them if not by 8-31-2020 I will file a motion to compele also a contempt of court for failer to follow orders of courts decree.

Marcus Walton                                              Sincerly,
Po Box 600                                                 Marcus Walton
Grady, AR 71644.                                           8-17-2020

Marcus Walton - 154132
PO Box 600
Grady, AR 71644

Office of the Clerks
35 E. Mountain Dr.
Fayetteville, AR 72701

FIRST-CLASS MAIL
$000.50
ZIP 71643
041M11450898
8/24/2020

Received WD/AR
AUG 26 2020
U.S. Clerk's Office