IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARCUS WALTON                                                                                          PLAINTIFF

v.                                        Case No. 6:20-cv-6033

DILLION R. VOSS, SERGEANT
OUACHITA RIVER UNIT, *et al.*                                                              DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 118. Judge Bryant recommends that Defendants' Motion for Summary Judgment (ECF No. 88) be denied. Defendants have responded with objections. ECF No. 122. This matter is ripe for the Court's consideration.

**I. BACKGROUND**

Plaintiff is an inmate with the Arkansas Department of Corrections ("ADC") and is currently housed at Varner Supermax. It appears that he was transferred from Ouachita River Unit to Varner Unit on February 3, 2020.[1] ECF No. 114, p. 2. Representing himself in this matter, he filed this 42 U.S.C. § 1983 action, alleging claims of excessive force and denial of medical care.[2] From January 2020 to May 2020, Plaintiff filed seven grievances, some pertaining to the claims at issue. None of these grievances, however, mention Defendants Ebony Harris, Dillion Jennings, James Gibson, Dale Reed, or Tomisha Ivory. Plaintiff failed to exhaust these seven grievances for

---

[1] At some point after arriving at Varner Unit, Plaintiff was transferred to Varner Supermax.
[2] Plaintiff's claims concern events that happened on January 26, 2020, and February 6, 2020, while Plaintiff was confined at the Ouachita River Unit.

various reasons, including untimeliness and failure to properly follow the grievance procedure.

In their summary judgment motion (ECF No. 88), Defendants argue that they are entitled to summary judgment on all claims because Plaintiff did not exhaust his available administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. In his response to the summary judgment motion, Plaintiff argues that his failure to exhaust should be excused because the grievance procedure was unavailable to him. He states that he was given "out of date" rules and was denied access to the law library, which made it impossible for him to examine the current Inmate Grievance Procedure, Administrative Directive ("AD") 19-34, which went into effect on December 2, 2019. ECF No. 95, pp. 1-2. He also states that the first time he knew of the existence of the grievance procedure was when Defendants submitted it to the Court. ECF No. 114. Thus, according to Plaintiff, during the time he was filing the grievances at issue, he did not have access to AD 19-34. He does, however, admit that he was given a Varner Inmate Handbook at some point but that the handbook was outdated and did not contain the full grievance policy. During the summary judgment phase of this lawsuit, Defendants did not respond to Plaintiff's arguments regarding the availability of the grievance process.

Judge Bryant later directed Defendants to supplement their summary judgment motion with an affidavit from an individual with knowledge concerning how the Inmate Grievance Procedure, AD-1934, was communicated to inmates entering ADC custody in January 2020. ECF No. 110. Defendants filed the Declaration of Gladys Evans, the Varner Supermax Unit Law Library Supervisor. ECF No. 111. Evans states, "[w]hen Varner Unit receives new commitments, those inmates are given orientation within 24 hours of arrival. Inmates are also provided an Inmate Handbook/Orientation Package, which outlines the Unit's procedures, rules, and regulation[s]. This packet of information includes the grievance policy from the Unit Law Library." ECF No.

111, ¶ 4.  She further states, ""[t]his process does not include inmates who are transferred from other units who are not new commitments.  Although they do not receive a *new* orientation, they can still access the grievance policy via the Law Library."  ECF No. 111, ¶ 5.

Administrative Directive 19-34 states as follows:  "A summary of the Inmate Grievance Procedure will be included in the Inmate Handbook.  However, the Inmate Grievance Procedure is governed by this Administrative Directive and not any summary in the Inmate Handbook.  All inmates shall be provided access to this Administrative Directive."  ECF No. 88-2, p. 4.

Judge Bryant, noting the lack of evidence in the record to refute Plaintiff's statements that he was not informed of the Inmate Grievance Procedure or that he was denied access to the law library, found that a factual dispute exists as to whether Plaintiff had access to or knowledge of the requirements of Administrative Directive 19-34.  Thus, Judge Bryant concluded that genuine issues of material fact exist that prevent a summary judgment ruling in favor of Defendant on the issue of exhaustion.  Accordingly, he recommends that the Court deny Defendant's summary judgment motion.  ECF No. 118.

## II.  LEGAL STANDARD

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).  Defendants have filed timely and specific objections, which triggers a *de novo* review in this case.  *See Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought

with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]o properly exhaust administrative remedies[,] prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 599 U.S. 199, 218 (2007) (internal quotation marks omitted). If an inmate has not exhausted his administrative remedies when he files his complaint, "dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

"The PLRA, however, requires exhaustion of only 'such administrative remedies as are available." *Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018) (citing 42 U.S.C. § 1997(e)(a)). Available remedies are "capable of use for the accomplishment of a purpose" and that "which is accessible or may be obtained." *Booth v. Churner*, 532 U.S. 731, 737-38 (2001). An administrative remedy is unavailable when prison administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 587 U.S. 632, 136 S. Ct. 1850, 1860 (2016).

The PLRA's exhaustion requirement is an affirmative defense that the defendant has the burden to plead and prove. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005). The defendant's burden includes showing that administrative remedies were available to the prisoner. *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001).

### III. DISCUSSION

Defendants argue that Plaintiff's assertions that he did not have access to the Inmate Grievance Policy, which he made after Defendants filed Evans's declaration as a supplement to

4

their summary judgment motion, are "blatantly contradicted by the record." ECF No. 122, p. 3. Defendants make the following three arguments in support of their argument.

### A. Outdated Grievance Policy

First, Defendants argue that the three most recent Inmate Grievance Polices from 2014 to 2019, are identical as to what is required for an inmate to properly and fully exhaust a grievance. Thus, Defendants reason that, assuming Plaintiff received an outdated grievance policy, any older policy set forth the same procedures for properly exhausting a grievance under the PLRA. To support this argument, Defendants attach to their objections, the Declaration of Terri Grigsby-Brown, which explains that the grievance policies all contain the same requirements. ECF No. 122-1. This declaration was filed on the record after Judge Bryant issued his Report and Recommendation. ECF No. 118. Thus, this argument was not raised before Judge Bryant, and he did not have an opportunity to consider it. The court notes that Defendants did not file a reply to Plaintiff's response, in which he raised the issue of the availability of the Inmate Grievance Policy.

"Federal courts have repeatedly held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise new arguments or issues before the district court that were not presented to the magistrate." *United States v. Simeon*, 115 F. Supp. 3d 981, 995 (N.D. Iowa July 20, 2015) (collecting cases). Because the argument regarding the similarity of recent Inmate Grievance Policies could have been but was not presented to Judge Bryant, the Court will not consider it. Judge Bryant properly recommended a denial of summary judgment based on the record before him at the time.

### B. Law Library Access

Next, Defendants argue that Plaintiff falsely denied having law library access for several

months. Defendants attach a second Declaration of Gladys Evans (ECF No. 122-5), stating that Plaintiff could physically access the law library while being housed at the Varner Unit and did so on February 5, 2020. Evans further states that once moved to Supermax, Plaintiff could request materials from the law library, and the materials would be delivered to him. She notes that Plaintiff made numerous such requests from February 2020 through March 2021. Thus, Defendants argue that because Plaintiff's statements regarding his lack of access to the law library are blatantly contradicted by the record, they cannot create a fact precluding summary judgment.

The second Declaration of Glady Evans (ECF No. 122-5) was filed as an attachment to Defendants' objections to Judge Bryant's Report and Recommendation. Thus, Judge Bryant did not have the opportunity to consider it. Defendants could have raised this argument before Judge Bryant in a reply brief or supplement but inexplicably did not. For the same reasons as discussed above, the Court also declines to consider this argument raised for the first time in Defendants' objections. Judge Bryant properly recommended a denial of summary judgment based on the record before him at the time.

**C. Defendants Not Named in Grievance Form**

Lastly, regarding the five Defendants that were not named in any grievance, Defendants argue that the Unit Level Grievance Form, which Plaintiff indisputably had access to, requires inmates to state the name of the personnel involved. ECF No. 88-3, p. 5. Thus, according to Defendants, Plaintiff knew that he must state the name of all personnel involved in the incident that he was grieving. In the Report and Recommendation, Judge Bryant recognized as an undisputed fact that none of the grievances submitted by Plaintiff mention Defendants Ebony Harris, Dillion Jennings, James Gibson, Dale Reed, or Tomisha Ivory. However, this is the only mention of this issue in the Report and Recommendation. Judge Bryant made no determination

as to whether summary judgment should be granted in their favor based on Plaintiff's failure to mention them in any grievance form.

"A prisoner cannot opt out of all administrative remedies even when some are available." *Townsend*, 898 F.3d at 784. The Eighth Circuit makes clear that a prisoner must exhaust available remedies, including grievance procedures that are capable of use to obtain some relief. *Id.* Here, Plaintiff had access to the Unit Level Grievance Forms instructing him to name all personnel involved in the incident.

While Plaintiff claims that he did not have access to the procedures and requirements set forth within the Inmate Grievance Policy, he did have access to Grievance Forms. He does not argue otherwise. The record contains several Unit Level Grievance Forms filled out and submitted by Plaintiff. ECF No. 88-3. The preprinted form instructed Plaintiff to "be specific as to the complaint, date, place, name of personnel involved and how you were affected." ECF No. 88-3. Despite these instructions, Plaintiff did not mention Defendants Harris, Jennings, Gibson, Reed, and Ivory in any grievance. The Unit Level Grievance Form provided Plaintiff with an avenue for relief at this level of the grievance process. By failing to mention these Defendants, Plaintiff limited the prison's ability to investigate any complaints against them and to provide relief. Consequently, Plaintiff failed to exhaust an available administrative remedy. *See id.* Because this step of the grievance process was capable of use and could have provided some relief, the PLRA's administrative-exhaustion requirement applies in this instance. The Court finds that there is no genuine dispute as to any material fact regarding Plaintiff's failure to name Defendants Harris, Jennings, Gibson, Reed, and Ivory in any grievance form. Accordingly, summary judgment should be granted in their favor based on Plaintiff's failure to exhaust.

## IV.  CONCLUSION

For the above-stated reasons and upon *de novo* review, the Court declines to adopt the Report and Recommendation (ECF No. 118 ) in part.  Defendants' objection regarding the claims against Defendants Ebony Harris, Dillion Jennings, James Gibson, Dale Reed, and Tomisha Ivory is sustained.  The Court finds that Plaintiff failed to exhaust his available remedies as to these five Defendants and that summary judgment should be granted in their favor.  The Court adopts the Report and Recommendation in all other aspects and overrules Defendant's objections regarding the outdated grievance policy and access to law library.

Accordingly, Defendants' summary judgment motion (ECF No. 88) is hereby **GRANTED IN PART** and **DENIED IN PART**.  All claims against Defendants Harris, Jennings, Gibson, Reed, and Ivory are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's claims against Defendants Dillion Voss, Shacoya Lewis, Sedrick Franklin, and Flora Washington remain pending before the Court.

**IT IS SO ORDERED**, this 27th day of September, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge