IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARCUS WALTON                                                                 PLAINTIFF

v.                                     Civil No. 6:20-cv-6033

DILLON R VOSS, SERGEANT,
OUACHITA RIVER UNIT;
SHAKOYIA LEWIS; SEDRICK
FRANKLIN, SERGEANT, VARNER
UNIT; and FLORA WASHINGTON,
VARNER UNIT                                          DEFENDANTS

**ORDER**

Before the Court is a Report and Recommendation issued by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 166. Judge Bryant recommends that the Court deny Plaintiff's motion for summary judgment (ECF NO. 142) and grant Defendants' motion for summary judgment. ECF No. 147. Plaintiff Marcus Walton objects. ECF No. 167.

**I. BACKGROUND**

Plaintiff, representing himself, filed this civil rights action pursuant to 42 U.S.C. § 1983. The operative complaint in this matter is Plaintiff's third amended complaint (ECF No. 58) to which he has filed a supplement. ECF No. 61.

The Report and Recommendation (ECF No. 166) contains a detailed factual background, which the Court has reviewed and relied on. In this order, the Court will summarize the facts that give rise to Plaintiff's claims.

Plaintiff was an inmate with the Arkansas Department of Corrections who was formerly housed at the Ouachita Regional Correctional Unit ("ORU") and Varner Supermax ("Varner").

The following incident occurred while Plaintiff was housed at the ORU.

On January 27, 2020, while in line at Chow Hall 4, Plaintiff was told by Defendant Dillon Voss to stop talking loudly. Plaintiff kept talking, and Voss ordered Plaintiff to leave the Chow Hall. Plaintiff exited the Chow Hall and refused to return to the barracks as ordered. Plaintiff began to argue with Voss and became visibly agitated. According to Voss, he then ordered Plaintiff to submit to hand restraints, and Plaintiff refused. Plaintiff states that Voss did not direct him to submit to hand restraints. Nevertheless, when Voss attempted to place hand restraints on Plaintiff, he pulled away and an aggressive incident ensued. This incident was captured on video. ECF No. 147-2.

The Court has viewed the video and observed the following: Voss escorts Plaintiff out of the Chow Hall into a hallway. While talking to Voss and another officer in the hallway, Plaintiff begins to gesture excitedly and flail his arms. It appears that Plaintiff continues to argue with Voss and other officers who have gathered around. One officer begins to reach for her hand restraints and appears to hand them to another officer, who then attempts to place them on Plaintiff. Plaintiff aggressively jerks away and resists. Plaintiff and five officers engage in a physical altercation. Plaintiff continues to fight and resist. Voss and another officer punch Plaintiff with closed fists while he is continuing to fight and struggle. Once the officers have gained control of the situation and subdued Plaintiff, they escort him down the hallway.

Plaintiff testified in his deposition that he did move out of Voss's grasp but that no officer attempted to place him in hand restraints. Plaintiff further testified that the video shows Voss using hand restraints as "brass knuckles" and shows Defendant Shakoyia Lewis and Voss "repeatedly hitting [him] while [he] was on the ground unconscious. ECF No. 147-5, p. 6.

Voss testifies that he used only the force necessary to regain control of Plaintiff and

attempt to restrain him. He admits to striking Plaintiff with a closed fist in an attempt to gain Plaintiff's compliance. Voss denies striking Plaintiff with hand restraints. He explains that he was holding hand restraints but had his fist completely around them where no portion of the hand restraint struck Plaintiff.

As a result of this incident, Plaintiff was charged with the disciplinary violation of battery—use of force on staff. Plaintiff did not appear at his disciplinary hearing. There is a question as to whether Plaintiff failed to appear by choice or whether he was notified that it was time for his hearing. On February 6, 2020, Plaintiff was found guilty of the disciplinary violation. Because he was found guilty, Plaintiff appeared before the Classification Committee on February 19, 2020. After hearing Plaintiff's objections, the Classification Committee recommended that he be placed in an 18-month program at Varner Supermax. The Chief Deputy Director then approved the 18-month program for Plaintiff at Varner Supermax, and he was placed in this program.

Plaintiff alleges claims for excessive force against Defendants Voss and Lewis related to the January 27, 2020 incident. He further alleges claims against Defendants Flora Washington and Sedrick Franklin for denial of medical care and a violation of his Fourteenth Amendment due process rights. Plaintiff and Defendants filed summary judgment motions. ECF Nos. 142, 147. Judge Bryant issued a report and recommendation addressing the summary judgment motions. ECF No. 166. Judge Bryant recommends that the Court deny Plaintiff's summary judgment and grant Defendants' summary judgment motion. Plaintiff objects. ECF No. 167.

## II. STANDARD

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a

party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* W.D. Ark. Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). Non-specific objections may require "full *de novo* review" if the record is concise. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (requiring *de novo* review when the record was "strikingly brief," and the magistrate judge did not conduct a hearing). A "clearly erroneous" standard of review applies to the portions of a report and recommendation that are not objected to. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

### III.  DISCUSSION

The Court will now address each of Plaintiff's claims.

**A.  Excessive Force**

Plaintiff alleges excessive force claims against Defendants Voss and Lewis related to the January 27, 2020 incident. Judge Bryant found that the force used to restrain Plaintiff was not applied "maliciously or sadistically." Thus, he recommends that the Court grant summary judgment in favor of Defendants as to this claim. Plaintiff objects.

"Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the 'core judicial inquiry' is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992)). *See also Whitley v. Albers*, 475 U.S. 312, 322 (1986) (holding that, in an excessive force case, there must be "a reliable inference of wantonness," and not "a mere dispute over the reasonableness of particular use of force or the existence of arguably superior alternatives"). Factors which inform this inquiry include the need for the application of physical force; the relationship between the need for physical force and the amount of force applied; and the extent of injury suffered by the inmate. *Jones v. Shields*, 207 F.3d at 495. Unless "it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain . . . the case should not go to the jury." *Johnson v. Bi-State Justice Ctr./Arkansas Dep't of Corr.*, 12 F.3d 133, 136 (8th Cir. 1993) (*citing Whitley*, 475 U.S. at 322).

The video of the incident at issue shows a lengthy verbal disagreement between Plaintiff and Voss. Plaintiff appeared agitated and animated, and the incident eventually attracted several other prison staff. The video clearly shows Plaintiff pulling away when the officers try to place him in hand restraints. Following this resistance, an altercation began. Voss and Lewis punched Plaintiff, but he continued to aggressively struggle with the officers and other staff until officers finally gained control of him and restrained him on the floor. He was then escorted down the hall by officers.

The video evidence does not support Plaintiff's claims that officers continued to hit him as he lay unconscious. Instead, the video evidence supports the officers' version of events. The dispute here is simply over the reasonableness of the particular force used. From the evidence

presented, there can be no "reliable inference of wantonness." The undisputed evidence shows that the application of force was necessary to restore order and restrain Plaintiff. Thus, the Court agrees with Judge Bryant that the evidence shows that the force used to restrain Plaintiff was not malicious or sadistic. Accordingly, Defendants Voss and Lewis are entitled to summary judgment as to this claim.

### B. Procedural Due Process

Plaintiff claims that his procedural due process rights were violated when he was placed in an involuntary treatment program and denied the right to appear before the Classification Committee.[1] In his objections, Plaintiff clarifies that he is not contesting "how [h]e was housed in supermax conditions" but instead is "contesting my liberty that was affected by those conditions and placements." ECF No. 167, p. 3. A prisoner's fourteenth amendment procedural due process rights are triggered only where the prisoner has a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Judge Bryant found that the punishment imposed on Plaintiff as a result of his disciplinary conviction at issue—assignment to an involuntary treatment program at Varner Supermax—was not severe enough to implicate his liberty interests. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level and 30 days in punitive segregation is not an atypical and significant hardship under *Sandin*); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate not deprived of liberty interest during nine months in administrative segregation); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property

---

[1] The evidence in the record shows that Plaintiff did appear before the Classification Committee on February 19, 2020, where he raised objections to being placed on an 18-month program at Varner Supermax. ECF No. 147-4, ¶¶ 3-5.

privileges). Plaintiff's objection to this finding simply states his opinion that he was subjected to "atypical and significant hardship." However, the law supports Judge Bryant's conclusion. Thus, the Court agrees with Judge Bryant that Defendants are entitled to summary judgment on this claim.

### C. Denial of Medical Care

Plaintiff attempts to state a denial of medical care claim against Defendants Franklin and Washington. The claim in his complaint just states that he was denied medical care. In his summary judgment motion, he adds that he "put in numerous sick calls" and "was seen untimely." ECF No. 142, p. 3. However, Judge Bryant found that there is no proof in the record that Plaintiff requested medical treatment from Defendants or that Defendants were responsible for Plaintiff's medical care. Plaintiff objects, simply stating that Franklin had a "medical exam stopped." Plaintiff has offered no proof that Franklin was responsible for Plaintiff's medical care or had a medical exam "stopped." Accordingly, the Court agrees with Judge Bryant that Defendants Franklin and Washington are entitled to summary judgment on this claim.

### IV. CONCLUSION

Being well and sufficiently advised, and upon *de novo* review of all specific objections, the instant report and recommendation (ECF No. 166) is hereby **ADOPTED** for the above-stated reasons. Plaintiff's summary judgment motion (ECF No. 142) is **DENIED**. Defendants' summary judgment motion (ECF No. 147) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of September, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge